IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIE STANLEY,

    Plaintiff,

v.

MERCK & CO., INC.,

    Defendant.

CIVIL ACTION No. 05 10882 RCL

RECEIPT # _____
AMOUNT $ 250.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. ___
DATE 4/29/05

MAGISTRATE JUDGE ___

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, defendant Merck & Co, Inc. ("Merck") files this Notice of Removal and states:

1. Merck is the single named defendant in an action commenced against it by the plaintiff, Marie Stanley, pending in Suffolk County Superior Court in the Commonwealth of Massachusetts, captioned <u>Marie Stanley v. Merck & Co., Inc.</u>, Civil Action No. 05-1178 (the "Superior Court action"). True copies of all process, pleadings and orders served on Merck in the Superior Court action are attached hereto as Exhibit A and specifically incorporated herein.

2. In her Complaint, Plaintiff Marie Stanley alleges that she is a resident of Massachusetts. Defendant Merck is a corporation organized under the laws of the State of New Jersey with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey. There is, therefore, complete diversity of citizenship.

3. The Plaintiff seeks statutory, punitive and treble damages, as well as damages compensating for loss of earnings and past and future medical and counseling expenses arising from alleged "acute renal failure"; the Plaintiff has specified a total damages amount of $1.5 million. Complaint ¶¶ 9, 31; Prayer for Relief. Accordingly, Merck suggests that the matter in

- 2 -

controversy in the state action will exceed the sum or value of $75,000, exclusive of interest and costs.

4. This Complaint was filed in Suffolk Superior Court on March 25, 2005, and the Plaintiff has not yet served Merck with process. Consequently, this notice is timely under 28 U.S.C. § 1446(b).

5. This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and that may be removed to this Court by Merck.

MERCK & CO., INC.
By its attorneys:

_____
James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: April 29, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing NOTICE OF REMOVAL was served on April 29, 2005 by regular U.S. Mail, upon:

John Kupris
47 Winter Street, 4th Floor
Boston, Massachusetts 02108
**Counsel for Plaintiff Marie Stanley**

_____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.  SUPERIOR COURT
 C.A. NO.
 05-1178H

*****************************
MARIE STANLEY,

 Plaintiff

v.

 COMPLAINT
 AND DEMAND FOR JURY TRIAL

MERCK & CO., INC.

 Defendant
*****************************

1. The plaintiff, Marie Stanley, is an individual with a usual residence at 37 Garden Street Boston MA 02114.

2. Defendant Merck & Co., Inc. (hereinafter "Merck") is a New Jersey corporation doing business in the Commonwealth of Massachusetts.

3. Jurisdiction is based upon (a) the Defendant's transacting business in the Commonwealth of Massachusetts; (b) causing tortuous injury in the Commonwealth of Massachusetts; and engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed in the Commonwealth of Massachusetts as set forth in Mass. Gen. L.c 223A, §3.

4. At all times mentioned herein, the defendant was engaged in the manufacturing, testing, packaging, labeling, marketing and transporting in interstate commerce and selling a pharmaceutical drug known as rofecoxib, aka Vioxx, for the use of and consumption by, the general public as an anti-inflammatory and pain reliever.

5. At the time of the purchase by plaintiff, Vioxx was defective in that when

ingested regularly over 18 months, there was an increased risk of heart attack, stroke and renal failure.

6. Plaintiff neither knew nor had reason to know at the time of the purchase and use of Vioxx, or at any time prior three years last past, of the existence of the foregoing described defect and its potential damage to the plaintiff.

7. Within three years prior to the filing of the complaint, plaintiff learned for the first time that certain physical conditions and injuries from which she suffers may be related to Vioxx, namely acute renal failure.

8. In or about February 2000 to June 2004, prior to when defendant recalled Vioxx on September 30, 2004, plaintiff consumed the recommended dosages of Vioxx, in accordance with instructions accompanying the prescription.

9. As a direct and proximate result of the failure of the defendant to adequately test the drug prior to marketing, and as a direct and proximate result of the negligent and careless manufacture and sale of said drug, which caused it to contain harmful, toxic, contaminated materials, plaintiff Marie Stanley, suffered acute renal failure, pain and suffering, diminished physical capacity, resulting from the ingestion of Vioxx as herein above set forth.

10. The defendant so negligently and carelessly designed, manufactured, tested, packaged, labeled, marketed and encouraged the use of said drug, and inadequately warned consumers about the dangers thereof, as to cause it to contain harmful, toxic, contaminated materials, and to render said product unsafe for its intended recipient.

11. As a direct and proximate result of the acts and failure to act of the

-2-

defendant, plaintiff was caused to and did, suffer severe physical, mental emotional, and psychological injuries, all to her general damage in an amount in excess of the jurisdictional minimum of this court. The sole and proximate cause of plaintiff's injuries are the result of defendant's negligence.

12. As a direct and proximate result of the acts and failure to act of the defendant, plaintiff has incurred expenses for drugs, medicines, the services of hospitals, nurses, physicians and other medical and related expenses, all to her damage. Plaintiff is informed that as a proximate result of the defect and injuries herein described, plaintiff will be required to incur additional medical expenses, the exact amount of which is unknown, and plaintiff will be forever unable to take aspirin to assuage her arthritis pain

13. Defendant is a drug company with expertise as to the manufacture and testing of drugs. As a result of said expertise, defendant did know or should have known, that unless adequate and thorough testing was done to determine the efficacy and side effects of drugs such as Vioxx, before the release of said drug to the general public, and unless after such testing has been done, sufficient warnings be issued to the consumer with regard to such potential side effect, the release of the drug would be subject the public to great risks of serious harm and injury. Moreover, defendant knew, or should have known, that a high probability of severe illness or injury would result from placing the product on the market, without adequate warnings, a drug that was still experimental. The defendant knew, or should have known, that the side effects of such a drug might not become apparent for many years, and that, therefore, careful and long range testing and adequate warnings to consumers were necessary to avoid inflicting a great risk of death or serious harm to the public.

-3-

14. Despite defendant's knowledge as described herein in part, and for the purpose of making a profit from the sale of said drugs, defendant placed said drug on the market without adequate warnings to the public or medical profession. In doing so, the defendant was aware that they lacked sufficient information upon which to base any reasonable belief in the safety or effectiveness of said drug, and that to so release said drug created a great and unreasonable risk of death or serious harm into the consuming public

15. That the defendant's agents and employees acted with authorization and ratification of the corporation.

## CONSTRUCTIVE FRAUD AND CONSPIRACY TO COMMIT FRAUD

16. Plaintiff incorporates paragraphs 1 through 15 inclusive of this Complaint as if fully set forth herein.

17. As a result of Plaintiff's position of pain and dependence on relief from that pain, and by Defendant's undertaking to influence the U.S. Food and Drug Administration (FDA), Defendant held a position of power over Plaintiff.

18. Further, Defendant, by infiltrating certain aspects of the FDA advisory panel(s), held Vioxx out as safe drug when it knew this was not true. This power differential prevented the Plaintiff from effectively protecting herself and Defendant thus entered into fiduciary relationships with Plaintiff.

19. As fiduciaries to Plaintiff, Defendants had a duty to obtain and disclose information relating to side effects of Defendant's drugs.

20. Moreover, Defendant had a duty to disclose to Plaintiff and others the influence it has had over the FDA and its agents, whether it compensated them in any way.

-4-

Defendant, however, used Plaintiff's dependency and position to prevent her from realizing that the drug was harmful and dangerous. Further, Defendant accomplished this end by enforcing the secrecy around the acts and/or failure to act and/or disclose by its agents, who had infiltrated the FDA, the very agency that is supposed to protect the public from this very harm. As a result, Defendant breached their fiduciary duties to Plaintiff by engaging in the willful, reckless and wanton conduct described herein, by failing to disclose information regarding their influence on the FDA and its agents and/or in taking acts to conceal any such information.

21. The fact that Defendant's agents had in the past and/or would in the future be likely to influence the FDA's partiality with regard to whether the benefits of Vioxx outweigh the risk to people like the plaintiff, was a material fact in Plaintiff's and his family's decisions whether or not to continue to take the prescribed drug to manage her pain.

22. Upon information and belief, Defendant had actual or constructive knowledge of their agents inappropriate behavior, as discussed herein.

23. Defendant misrepresented, concealed or failed to disclose information relating to past and present misconduct of Defendant and certain of their agents as described herein.

24. Defendant knew that they misrepresented, concealed and/or failed to disclose information relating to misconduct of Defendant's agents, and Defendant intended Plaintiff to rely upon their misrepresentations and/or omissions.

25. Plaintiff justifiably relied upon Defendant for information relating to the misconduct of Defendant's agents.

26. Plaintiff further relied upon Defendant to ensure her safety while she was under the care of Defendant's drug, and was ignorant of Defendant's past misconduct as it relates to the Federal agency designed to protect her.

27. Plaintiff, as an individual with an inferior knowledge of pharmacology practices of drug makers when they interact with the FDA, and completely ignorant of the pattern of the above described past and ongoing misconduct, had a right to rely on representations made by the Defendant regarding their warnings, lack thereof and statements regarding the safety of Vioxx.

28. The Supervisors of Defendant and their agents agreed to conceal the infiltration of these agents into the FDA. In doing so they entered into an agreement by which they concealed a tort.

29. Upon information and belief, Defendant and its agents, in concert with each other, and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal or fail to disclose information relating to the misconduct of Defendant's agents. By so concealing, Defendant committed at least one act in furtherance of the conspiracy.

30. Defendant's actions and / or inactions were willful, wanton and reckless for which punitive damages are appropriate.

31. As a direct result of Defendant's fraud and conspiracy, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing

her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical treatment, therapy, and counseling.

**WHEREFORE,** the Plaintiff prays this court grant judgment and award compensatory, statutory, punitive and treble damages in favor of Plaintiff against Defendant for damages sustained as a result of the wrongdoings of Defendant, in the amount of $1,500,000.00, or in an amount it sees fit, together with interest thereon, and further award the plaintiff her attorney's fees, costs, and any other relief this Court deems just and equitable.

**PLAINTIFF INVOKES AND RESERVES HER RIGHT TO A JURY TRIAL.**

Date: 3-25-05

Plaintiff
By counsel,

John Kupris
47 Winter St., 4th Fl.
Boston, MA 02108
(617) 350-3084
BB0# 600634

-7-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) __Marie Stanley v. Merck & Co., Inc.__

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ☑ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.    150, 152, 153.

    **05   10882 RCL**

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☑   NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☑     Central Division ☐     Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐     Central Division ☐     Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __James J. Dillon, Esq., FOLEY HOAG LLP__
ADDRESS __155 Seaport Boulevard, Boston, Massachusetts 02210__
TELEPHONE NO. __(617)832-1000__

(Coversheetlocal.wpd - 10/17/02)

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIE STANLEY

**DEFENDANTS**
MERCK & CO., INC.

(b) County of Residence of First Listed Plaintiff   Suffolk, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Hunterdon, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John Kupris, Esq., 47 Winter Street, 4th Floor, Boston, Massachusetts 02108.  (617)350-3084

Attorneys (If Known)
**05-10882-RCL**
James J. Dillon, Esq., FOLEY HOAG LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210.  (617)832-1000

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Action for compensatory damages for ingestion of VIOXX

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $   1,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   April 29, 2005
SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____