IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE STANLEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MERCK & CO., INC.,<br><br>　　　　　Defendant. | CIVIL ACTION No. 05-10882-RCL |

**DECLARATION OF BRADLEY E. ABRUZZI**

Bradley E. Abruzzi hereby deposes and says:

　　1.　　I am an attorney at the law firm Foley Hoag LLP and represent defendant Merck & Co., Inc. in this action. I am admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I have personal knowledge of the matters set forth in this Declaration and could and would competently testify to them if called as a witness.

　　2.　　The document attached as Exhibit A is a true and accurate copy of a slip opinion issued on December 6, 2004 in *Denny v. Merck & Co., Inc.*, No. 3:04-CV-526 (S.D. Tex.).

　　3.　　The document attached as Exhibit B is a true and accurate copy of a minute entry issued on January 5, 2005 in *Davis v. Merck & Co., Inc.*, No. 04-CV-2937 (E.D. La.).

　　I declare under the penalty of perjury that the foregoing statement is true and correct.


　　Dated:　May 5, 2005　　　　　　　　　　　　*/s/ Bradley E. Abruzzi*
　　　　　　　　　　　　　　　　　　　　　　　　Bradley E. Abruzzi

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 0 6 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JEFFREY L. DENNY, et al., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. G-04-526 |
| MERCK & CO., INC., et al., | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

This VIOXX claim has already generated a considerable amount of pretrial wrangling and procedural posturing. Plaintiffs Jeffrey and Molly Denny (collectively, "Plaintiffs") allege that Jeffrey Denny suffered personal injuries as a result of ingesting VIOXX. They filed suit in the 239th Judicial District Court in Brazoria County on May 29, 2003. Merck & Co., Inc. ("Merck") removed the case to this Court on September 11, 2003. This Court *sua sponte* transferred the case to the Tyler Division of the Eastern District of Texas on November 14, 2003. The Honorable Leonard Davis of the Eastern District of Texas remanded the case back to the Brazoria County state court. Merck removed the case back to this Court on August 31, 2004. Now before the Court is Merck's Motion to Stay All Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation. For the following reasons, the Motion is GRANTED.

VIOXX is a painkiller often prescribed for arthritis patients. On September 30, 2004, Merck voluntarily withdrew VIOXX from the market because of evidence indicating it created a higher risk

-1-

of heart attack and stroke. Since Merck announced the withdrawal, a veritable avalanche of VIOXX claims have been filed in federal district courts all over the country. Indeed, one cannot watch daytime television or read a newspaper without seeing lawyers advertising for VIOXX patients. Given the explosion in VIOXX litigation over the past couple of months, it is inevitable to this Court that the Judicial Panel on Multidistrict Litigation ("MDL") will eventually consolidate these claims.

Plaintiffs argue that a stay is inappropriate because 28 U.S.C. § 1407, the statute authorizing transfer to the MDL for consolidation, does not expressly grant federal district courts the power to stay proceedings prior to transfer. Plaintiffs may be correct, but that avails them nothing. The power to stay is well established and particularly apt here. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). It would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims.

Accordingly, Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation is hereby GRANTED. This case is administratively closed until the MDL issues its ruling.

**IT IS SO ORDERED.**

DONE this 3rd day of December 2004, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

# EXHIBIT B



**MINUTE ENTRY**
**FALLON, J.**
**January 4, 2005**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEONCE DAVIS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 04-2937** |
| **MERCK & CO., INC.** | * | **SECTION "L"(2)** |

      Before the Court is the Motion of the Defendant to Stay all proceedings in this action pending resolution of Merck's motion before the Judicial Panel on Multidistrict Litigation for transfer of this case, and numerous other cases with overlapping factual issues regarding the VIOXX® product liability cases, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407. The Judicial Panel on Multidistrict Litigation is scheduled to hear Merck's motion on January 27, 2005. Given the great likelihood that an MDL will be established and this and other related cases transferred, the Court hereby GRANTS the Motion of Defendant to Stay all proceedings in the matter.

      Accordingly, IT IS ORDERED that this case be STAYED pending further action by the Judicial Panel on Multidistrict Litigation.

DATE OF ENTRY
JAN - 6 2005

Fee____
Process____
X Dktd____
✓ CtRmDep____
__ Doc. No____