IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE STANLEY,<br><br>        Plaintiff,<br><br>        v.<br><br>MERCK & CO., INC.,<br><br>        Defendant. | CIVIL ACTION No. 05-10882-RCL |

## ANSWER TO COMPLAINT

Defendant Merck & Co., Inc. ("Merck") states the following, in answer to the numbered allegations set forth in the Complaint of Marie Stanley:

1.      Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant Merck denies every allegation in Paragraph 2 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.      The allegations contained in this paragraph are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 3 of the Complaint.

4.      Defendant Merck denies every allegation contained in Paragraph 4 of the Complaint except admits that Merck sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal

of VIOXX® on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information. Merck further admits that VIOXX® is the brand name for rofecoxib.

5. Defendant Merck denies every allegation in Paragraph 5 of the Complaint.

6. Defendant Merck denies every allegation in Paragraph 6 of the Complaint.

7. Defendant Merck lacks sufficient information either to admit or deny the allegations in Paragraph 7 of the Complaint.

8. Defendant Merck lacks sufficient information either to admit or deny the allegations in Paragraph 8 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX®, and Merck respectfully refers the Court to the referenced announcement for its actual language and full text.

9. Defendant Merck denies every allegation in Paragraph 9 of the Complaint.

10. Defendant Merck denies every allegation in Paragraph 10 of the Complaint.

11. Defendant Merck denies every allegation in Paragraph 11 of the Complaint.

12. Defendant Merck denies every allegation in Paragraph 12 of the Complaint.

13. Defendant Merck denies every allegation in Paragraph 13 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.

14. Defendant Merck denies every allegation in Paragraph 14 of the Complaint.

15. Defendant Merck denies every allegation in Paragraph 15 of the Complaint.

## COUNT I: CONSTRUCTIVE FRAUD AND CONSPIRACY TO COMMIT FRAUD

16. Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 15 of the Complaint.

17. Defendant Merck denies every allegation in Paragraph 17 of the Complaint.

18. Defendant Merck denies every allegation in Paragraph 18 of the Complaint.

19. The allegations contained in this paragraph are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 19 of the Complaint.

20. The allegations contained in this paragraph are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 20 of the Complaint.

21. Defendant Merck denies every allegation in Paragraph 21 of the Complaint.

22. Defendant Merck denies every allegation in Paragraph 22 of the Complaint.

23. Defendant Merck denies every allegation in Paragraph 23 of the Complaint.

24. Defendant Merck denies every allegation in Paragraph 24 of the Complaint.

25. Defendant Merck denies every allegation in Paragraph 25 of the Complaint.

26. Defendant Merck denies every allegation in Paragraph 26 of the Complaint.

27. Defendant Merck denies every allegation in Paragraph 27 of the Complaint.

28. Defendant Merck denies every allegation in Paragraph 28 of the Complaint.

29. Defendant Merck denies every allegation in Paragraph 29 of the Complaint.

30. Defendant Merck denies every allegation in Paragraph 30 of the Complaint.

31. Defendant Merck denies every allegation in Paragraph 31 of the Complaint.

## RESPONSE TO DEMAND FOR RELIEF

With respect to the un-numbered "WHEREFORE" paragraph following Paragraph 31 of the Complaint, Merck denies every allegation contained therein except admits that the Plaintiff purports to seek certain relief, but Merck denies that there is any legal or factual basis for the relief sought.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND DEFENSE

Any product for which Defendant Merck was responsible at the time of the occurrence or injuries alleged by the Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use. The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by the Plaintiff were legally adequate warnings and instructions.

### THIRD DEFENSE

The occurrences and injuries alleged by the Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of the Plaintiff and/or third parties over whom Merck had no control and for whom Merck is not responsible.

**FOURTH DEFENSE**

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons having no real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**FIFTH DEFENSE**

The occurrence and injuries alleged by the Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by the Plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by the Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to the Plaintiff or any other parties.

**SIXTH DEFENSE**

If the Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

**SEVENTH DEFENSE**

If the Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

**EIGHTH DEFENSE**

The injuries and damages alleged in the Plaintiff's Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

**NINTH DEFENSE**

Any and all damages alleged by the Plaintiff were caused by misuse of the product or products at issue in this case, failure to use the product or products properly, and/or alteration or negligent use of the product or products.

**TENTH DEFENSE**

The Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**ELEVENTH DEFENSE**

Every claim asserted or raised in the Complaint is barred by the doctrine of laches.

**TWELFTH DEFENSE**

The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

**THIRTEENTH DEFENSE**

The damages and injuries alleged, if any, were caused or enhanced by a preexisting medical condition of the Plaintiff that was not related to any product manufactured by Merck.

**FOURTEENTH DEFENSE**

Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations. Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber. The

package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration. Therefore, the Plaintiff's claims are preempted.

### FIFTEENTH DEFENSE

The Plaintiff's claims are barred by the applicable statute(s) of limitations.

### SIXTEENTH DEFENSE

If the Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of the Plaintiff and/or third parties, not from any negligence or breach of duty by Merck.

### SEVENTEENTH DEFENSE

Merck is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

### EIGHTEENTH DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

### NINETEENTH DEFENSE

Merck made no express or implied representations or warranties of any kind to the Plaintiff, nor did the Plaintiff rely on any representations or warranties made by Merck. To the extent the Plaintiff relied on any representations or warranties, such reliance was unjustified.

### TWENTIETH DEFENSE

Merck did not breach any duty of care to the Plaintiff.

### TWENTY-FIRST DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### TWENTY-SECOND DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

### TWENTY-THIRD DEFENSE

The Plaintiff has failed to join all necessary and indispensable parties.

### TWENTY-FOURTH DEFENSE

The Plaintiff's claims are barred because the Plaintiff has failed and refused to mitigate her alleged damages.

### TWENTY-FIFTH DEFENSE

Merck did not violate any state or federal statute, regulation or ordinance to cause the Plaintiff's alleged injuries.

### TWENTY-SIXTH DEFENSE

The Plaintiff's claims are barred in whole or in part due to a lack of notice.

### TWENTY-SEVENTH DEFENSE

To the extent that the Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### TWENTY-EIGHTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff lacks capacity and/or standing to bring such claims.

### TWENTY-NINTH DEFENSE

To the extent the Plaintiff is seeking recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### THIRTIETH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages under Massachusetts law.

### THIRTY-FIRST DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

### THIRTY-SECOND DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution as set forth in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

### THIRTY-THIRD DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Massachusetts Constitution.

### THIRTY-FOURTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary

or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Massachusetts Constitution.

### THIRTY-FIFTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Massachusetts Constitution.

### THIRTY-SIXTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution, because there are not realistic standards or limits imposed on the amount of punitive damages that may be awarded, and there is no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

### THIRTY-SEVENTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution, because the vague standards employed in punitive damage cases result in extremely disparate results among similar defendants accused of similar

conduct.

### THIRTY-EIGHTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution, because the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

### THIRTY-NINTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTIETH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-FIRST DEFENSE

Merck avers that any award of punitive damages to the Plaintiff in this case will violate the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States, in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

**FORTY-SECOND DEFENSE**

The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence. Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Massachusetts Constitution.

**FORTY-THIRD DEFENSE**

The Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution.

**FORTY-FOURTH DEFENSE**

The Plaintiff's state-law claims are barred, in whole or in part, because VIOXX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**FORTY-FIFTH DEFENSE**

The Complaint and the causes of action contained therein are barred in whole or in part by the United States and Massachusetts Constitutions, which prohibit the extraterritorial application of Massachusetts law.

**FORTY-SIXTH DEFENSE**

The Complaint and the causes of action contained therein are barred in whole or in part by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of Massachusetts. That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

## FORTY-SEVENTH DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, Defendant Merck & Co., Inc. respectfully requests that the Plaintiff take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

MERCK & CO., INC.
By its attorneys:

 */s/ Bradley E. Abruzzi*
James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Dated: May 6, 2005

- 14 -

## **CERTIFICATE OF SERVICE**

      I certify that on May 6, 2005, I e-filed the foregoing ANSWER TO COMPLAINT, causing a copy of said filing to be served automatically upon:

John Kupris
47 Winter Street, 4th Floor
Boston, Massachusetts 02108
**Counsel for Plaintiff Marie Stanley**

                                            */s/ Bradley E. Abruzzi*