*Suffolk Superior Civil # 05-1178*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE STANLEY,<br><br>        Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>        Defendant. | 05 10882 RCL<br><br>CIVIL ACTION |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, defendant Merck & Co, Inc. ("Merck") files this Notice of Removal and states:

1. Merck is the single named defendant in an action commenced against it by the plaintiff, Marie Stanley, pending in Suffolk County Superior Court in the Commonwealth of Massachusetts, captioned <u>Marie Stanley v. Merck & Co, Inc.</u>, Civil Action No. 05-1178 (the "Superior Court action"). True copies of all process, pleadings and orders served on Merck in the Superior Court action are attached hereto as Exhibit A and specifically incorporated herein.

2. In her Complaint, Plaintiff Marie Stanley alleges that she is a resident of Massachusetts. Defendant Merck is a corporation organized under the laws of the State of New Jersey with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey. There is, therefore, complete diversity of citizenship.

3. The Plaintiff seeks statutory, punitive and treble damages, as well as damages compensating for loss of earnings and past and future medical and counseling expenses arising from alleged "acute renal failure"; the Plaintiff has specified a total damages amount of $1.5 million. Complaint ¶¶ 9, 31; Prayer for Relief. Accordingly, Merck suggests that the matter in

controversy in the state action will exceed the sum or value of $75,000, exclusive of interest and costs.

4.   This Complaint was filed in Suffolk Superior Court on March 25, 2005, and the Plaintiff has not yet served Merck with process. Consequently, this notice is timely under 28 U.S.C. § 1446(b).

5.   This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and that may be removed to this Court by Merck.

MERCK & CO., INC.<br>
By its attorneys:<br>
<br>
_____<br>
James J. Dillon (BBO# 124660)<br>
Bradley E. Abruzzi (BBO# 651516)<br>
FOLEY HOAG LLP<br>
155 Seaport Boulevard<br>
Boston, MA 02110-2600<br>
(617) 832-1000

Dated: April 29, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing NOTICE OF REMOVAL was served on April 29, 2005 by regular U.S. Mail, upon:

John Kupris
47 Winter Street, 4th Floor
Boston, Massachusetts 02108
**Counsel for Plaintiff Marie Stanley**

_____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                        SUPERIOR COURT
                                                    DEPT. OF THE TRIAL COURT

MARIE STANLEY,

    Plaintiff,

        v.                                          C. A. No. 05-1178

MERCK & CO., INC.,                                  **NOTICE OF FILING**
                                                    **NOTICE OF REMOVAL**
    Defendant.

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that on April 29, 2005, defendant Merck & Co., Inc. filed the attached Notice of Removal in the United States District Court for the District of Massachusetts.

                                                MERCK & CO., INC.
                                                By its attorneys:

                                                _____
                                                James J. Dillon (BBO# 124660)
                                                Bradley E. Abruzzi (BBO# 651516)
                                                FOLEY HOAG LLP
                                                155 Seaport Boulevard
                                                Boston, MA  02110-2600
                                                (617) 832-1000

Dated: April 29, 2005

B3025820.1

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing NOTICE OF FILING NOTICE OF REMOVAL was served on April 29, 2005 by regular U.S. mail, upon:

John Kupris
47 Winter Street, 4th Floor
Boston, Massachusetts 02108
**Counsel for Plaintiff Marie Stanley**

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01178
## Stanley v Merck & Co, Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/28/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/29/2005 | **Session** | H - Civil H, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/26/2005 | **Answer** | 08/25/2005 | **Rule12/19/20** | 08/25/2005 |
| **Rule 15** | 06/21/2006 | **Discovery** | 05/17/2007 | **Rule 56** | 07/16/2007 |
| **Final PTC** | 11/13/2007 | **Disposition** | 03/27/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Marie Stanley
Active 03/28/2005

**Private Counsel 600634**
John F Kupris
47 Winter Street
4th floor
Boston, MA 02108
Phone: 617-350-3084
Fax: 617-451-3413
Active 03/28/2005 Notify

**Defendant**
Merck & Co, Inc
Service pending 03/28/2005

**Private Counsel 124660**
James J Dillon
Foley Hoag LLP
155 Seaport Bouleevard
19th floor
Boston, MA 02110
Phone: 617-832-1000
Fax: 617-832-7000
Active 04/29/2005 Notify

**Private Counsel 651516**
Bradley E. Abruzzi
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02110
Phone: 617-832-1000
Fax: 617-832-7000
Active 04/29/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/28/2005 | 1.0 | Complaint filed with request for trial by jury |
| 03/28/2005 | | Origin 1, Type B05, Track A. |
| 03/28/2005 | 2.0 | Civil action cover sheet filed |
| 04/29/2005 | | Certified copy of petiton for removal to U. S. Dist. Court of Deft. |
| | | Merck & Co., Inc. U. S. Dist.#(05-10882RCL). |
| 04/29/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01178
### Stanley v Merck & Co, Inc

| File Date | 03/28/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 04/29/2005 | Session | H - Civil H, 3 Pemberton Square, Boston |
| Origin | 1 | Case Type | B05 - Products liability |
| Lead Case | | Track | A |

| Service | 06/26/2005 | Answer | 08/25/2005 | Rule12/19/20 | 08/25/2005 |
|---|---|---|---|---|---|
| Rule 15 | 06/21/2006 | Discovery | 05/17/2007 | Rule 56 | 07/16/2007 |
| Final PTC | 11/13/2007 | Disposition | 03/27/2008 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Marie Stanley
Active 03/28/2005

**Private Counsel 600634**
John F Kupris
47 Winter Street
4th floor
Boston, MA 02108
Phone: 617-350-3084
Fax: 617-451-3413
Active 03/28/2005 Notify

**Defendant**
Merck & Co, Inc
Service pending 03/28/2005

**Private Counsel 124660**
James J Dillon
Foley Hoag LLP
155 Seaport Bouleevard
19th floor
Boston, MA 02110
Phone: 617-832-1000
Fax: 617-832-7000
Active 04/29/2005 Notify

**Private Counsel 651516**
Bradley E. Abruzzi
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02110
Phone: 617-832-1000
Fax: 617-832-7000
Active 04/29/2005 Notify

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
ASSISTANT CLERK.

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/28/2005 | 1.0 | Complaint filed with request for trial by jury |
| 03/28/2005 | | Origin 1, Type B05, Track A. |
| 03/28/2005 | 2.0 | Civil action cover sheet filed |
| 04/29/2005 | | Certified copy of petiton for removal to U. S. Dist. Court of Deft. Merck & Co., Inc. U. S. Dist.#(05-10882RCL). |
| 04/29/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                      SUPERIOR COURT
                                                                  C.A. NO.
                                                                  05-1175H

*****************************
MARIE STANLEY,              *
                            *
           Plaintiff        *
                            *
v.                          *
                            *              COMPLAINT
                            *         AND DEMAND FOR JURY TRIAL
                            *
MERCK & CO., INC.           *
                            *
           Defendant        *
*****************************

1. The plaintiff, Marie Stanley, is an individual with a usual residence at 37 Garden Street Boston MA 02114.

2. Defendant Merck & Co., Inc. (hereinafter "Merck") is a New Jersey corporation doing business in the Commonwealth of Massachusetts.

3. Jurisdiction is based upon (a) the Defendant's transacting business in the Commonwealth of Massachusetts; (b) causing tortuous injury in the Commonwealth of Massachusetts; and engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed in the Commonwealth of Massachusetts as set forth in Mass. Gen. L.c 223A, §3.

4. At all times mentioned herein, the defendant was engaged in the manufacturing, testing, packaging, labeling, marketing and transporting in interstate commerce and selling a pharmaceutical drug known as rofecoxib, aka Vioxx, for the use of and consumption by, the general public as an anti-inflammatory and pain reliever.

5. At the time of the purchase by plaintiff, Vioxx was defective in that when

ingested regularly over 18 months, there was an increased risk of heart attack, stroke and renal failure.

6. Plaintiff neither knew nor had reason to know at the time of the purchase and use of Vioxx, or at any time prior three years last past, of the existence of the foregoing described defect and its potential damage to the plaintiff.

7. Within three years prior to the filing of the complaint, plaintiff learned for the first time that certain physical conditions and injuries from which she suffers may be related to Vioxx, namely acute renal failure.

8. In or about February 2000 to June 2004, prior to when defendant recalled Vioxx on September 30, 2004, plaintiff consumed the recommended dosages of Vioxx, in accordance with instructions accompanying the prescription.

9. As a direct and proximate result of the failure of the defendant to adequately test the drug prior to marketing, and as a direct and proximate result of the negligent and careless manufacture and sale of said drug, which caused it to contain harmful, toxic, contaminated materials, plaintiff Marie Stanley, suffered acute renal failure, pain and suffering, diminished physical capacity, resulting from the ingestion of Vioxx as herein above set forth.

10. The defendant so negligently and carelessly designed, manufactured, tested, packaged, labeled, marketed and encouraged the use of said drug, and inadequately warned consumers about the dangers thereof, as to cause it to contain harmful, toxic, contaminated materials, and to render said product unsafe for its intended recipient.

11. As a direct and proximate result of the acts and failure to act of the

defendant, plaintiff was caused to and did, suffer severe physical, mental emotional, and psychological injuries, all to her general damage in an amount in excess of the jurisdictional minimum of this court. The sole and proximate cause of plaintiff's injuries are the result of defendant's negligence.

12. As a direct and proximate result of the acts and failure to act of the defendant, plaintiff has incurred expenses for drugs, medicines, the services of hospitals, nurses, physicians and other medical and related expenses, all to her damage. Plaintiff is informed that as a proximate result of the defect and injuries herein described, plaintiff will be required to incur additional medical expenses, the exact amount of which is unknown, and plaintiff will be forever unable to take aspirin to assuage her arthritis pain

13. Defendant is a drug company with expertise as to the manufacture and testing of drugs. As a result of said expertise, defendant did know or should have known, that unless adequate and thorough testing was done to determine the efficacy and side effects of drugs such as Vioxx, before the release of said drug to the general public, and unless after such testing has been done, sufficient warnings be issued to the consumer with regard to such potential side effect, the release of the drug would be subject the public to great risks of serious harm and injury. Moreover, defendant knew, or should have known, that a high probability of severe illness or injury would result from placing the product on the market, without adequate warnings, a drug that was still experimental. The defendant knew, or should have known, that the side effects of such a drug might not become apparent for many years, and that, therefore, careful and long range testing and adequate warnings to consumers were necessary to avoid inflicting a great risk of death or serious harm to the public.

14. Despite defendant's knowledge as described herein in part, and for the purpose of making a profit from the sale of said drugs, defendant placed said drug on the market without adequate warnings to the public or medical profession. In doing so, the defendant was aware that they lacked sufficient information upon which to base any reasonable belief in the safety or effectiveness of said drug, and that to so release said drug created a great and unreasonable risk of death or serious harrn into the consuming public

15. That the defendant's agents and employees acted with authorization and ratification of the corporation.

### CONSTRUCTIVE FRAUD AND CONSPIRACY TO COMMIT FRAUD

16. Plaintiff incorporates paragraphs 1 through 15 inclusive of this Complaint as if fully set forth herein.

17. As a result of Plaintiff's position of pain and dependence on relief from that pain, and by Defendant's undertaking to influence the U.S. Food and Drug Administration (FDA), Defendant held a position of power over Plaintiff.

18. Further, Defendant, by infiltrating certain aspects of the FDA advisory panel(s), held Vioxx out as safe drug when it knew this was not true. This power differential prevented the Plaintiff from effectively protecting herself and Defendant thus entered into fiduciary relationships with Plaintiff.

19. As fiduciaries to Plaintiff, Defendants had a duty to obtain and disclose information relating to side effects of Defendant's drugs.

20. Moreover, Defendant had a duty to disclose to Plaintiff and others the influence it has had over the FDA and its agents, whether it compensated them in any way.

-4-

Defendant, however, used Plaintiff's dependency and position to prevent her from realizing that the drug was harmful and dangerous. Further, Defendant accomplished this end by enforcing the secrecy around the acts and/or failure to act and/or disclose by its agents, who had infiltrated the FDA, the very agency that is supposed to protect the public from this very harm. As a result, Defendant breached their fiduciary duties to Plaintiff by engaging in the willful, reckless and wanton conduct described herein, by failing to disclose information regarding their influence on the FDA and its agents and/or in taking acts to conceal any such information.

21. The fact that Defendant's agents had in the past and/or would in the future be likely to influence the FDA's partiality with regard to whether the benefits of Vioxx outweigh the risk to people like the plaintiff, was a material fact in Plaintiff's and his family's decisions whether or not to continue to take the prescribed drug to manage her pain.

22. Upon information and belief, Defendant had actual or constructive knowledge of their agents inappropriate behavior, as discussed herein.

23. Defendant misrepresented, concealed or failed to disclose information relating to past and present misconduct of Defendant and certain of their agents as described herein.

24. Defendant knew that they misrepresented, concealed and/or failed to disclose information relating to misconduct of Defendant's agents, and Defendant intended Plaintiff to rely upon their misrepresentations and/or omissions.

25. Plaintiff justifiably relied upon Defendant for information relating to the misconduct of Defendant's agents.

26. Plaintiff further relied upon Defendant to ensure her safety while she was under the care of Defendant's drug, and was ignorant of Defendant's past misconduct as it relates to the Federal agency designed to protect her.

27. Plaintiff, as an individual with an inferior knowledge of pharmacology practices of drug makers when they interact with the FDA, and completely ignorant of the pattern of the above described past and ongoing misconduct, had a right to rely on representations made by the Defendant regarding their warnings, lack thereof and statements regarding the safety of Vioxx.

28. The Supervisors of Defendant and their agents agreed to conceal the infiltration of these agents into the FDA. In doing so they entered into an agreement by which they concealed a tort.

29. Upon information and belief, Defendant and its agents, in concert with each other, and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal or fail to disclose information relating to the misconduct of Defendant's agents. By so concealing, Defendant committed at least one act in furtherance of the conspiracy.

30. Defendant's actions and / or inactions were willful, wanton and reckless for which punitive damages are appropriate.

31. As a direct result of Defendant's fraud and conspiracy, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing

her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical treatment, therapy, and counseling.

**WHEREFORE,** the Plaintiff prays this court grant judgment and award compensatory, statutory, punitive and treble damages in favor of Plaintiff against Defendant for damages sustained as a result of the wrongdoings of Defendant, in the amount of $1,500,000.00, or in an amount it sees fit, together with interest thereon, and further award the plaintiff her attorney's fees, costs, and any other relief this Court deems just and equitable.

**PLAINTIFF INVOKES AND RESERVES HER RIGHT TO A JURY TRIAL.**

Date: 3-25-05

Plaintiff
By counsel,

John Kupris
47 Winter St., 4th Fl.
Boston, MA 02108
(617) 350-3084
BB0# 600634

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

-7-

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-1178 H | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Marie Stanley, | | DEFENDANT(S) Merck & Co., Inc. Whitehouse Station, NJ 08889 |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE John Kupris 47 Winter St Boston 02108  617 350 3084 Board of Bar Overseers number: 600634 | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ....... est $50,000
2. Total Doctor expenses ....... $
3. Total chiropractic expenses ....... $
4. Total physical therapy expenses ....... $
5. Total other expenses (describe) ....... $
   Subtotal $50,000
B. Documented lost wages and compensation to date ....... $
C. Documented property damages to date ....... $
D. Reasonably anticipated future medical and hospital expenses ....... $100,000
E. Reasonably anticipated lost wages ....... $100,000
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Complete renal failure as a result of ingestion of Vioxx.

   $
   TOTAL $250,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: March 25, 2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.